# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | | |
|---|---|---|
| HOMER GREEN, | * | |
| PETITIONER, | * | CASE NO.5:06-CV- 045  (DF) |
| | | 28 U.S.C. § 2255 |
| VS. | * | |
| | | CASE NO.5:97-CR-74 -003 (DF) |
| UNITED STATES OF AMERICA, | * | |
| RESPONDENT. | * | |

## REPORT AND RECOMMENDATION

Petitioner 's APPLICATION FOR VACATING OR CORRECTING UNAUTHORIZED ILLEGALLY IMPOSED SENTENCE AND/OR CONVICTION PURSUANT TO THE AMENDED § 2255'S SAVING CLAUSE is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

## Procedural History

Petitioner Homer Green III was tried by jury June 14 through June 16, 1999, upon Indictment returned in this court on September 23, 1998 (R-90), which charged him in Count I with Conspiracy to Possess With Intent to Distribute Cocaine Base, a/k/a "crack cocaine", in violation of 21 U.S.C. § 846 i/c/w 21 U.S.C. §841(a)(1), and in Counts II, III, and IV with Distribution of Cocaine Base in violation of §841(a)(1) and 18 U.S.C. §2.

On June 16, 1999, the trial jury returned verdicts of guilty against Petitioner on Counts I, III, and IV (R- 205).  Petitioner was sentenced by this court on January 4, 2000 to serve a total term of 360 months imprisonment (R-244).  Petitioner appealed his conviction and sentence to the Eleventh Circuit Court of Appeals where the same were affirmed on

October 3, 2000. (R- 267). On April 26, 2001, Petitioner filed his first Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255. (R-271). Petitioner Green's § 2255 Motion was Denied by the district court on July 5, 2001. (R-282/283). Petitioner Green attempted an appeal of the district court's Denial of his first § 2255 Motion, but was denied a Certificate of Appeal by the Eleventh Circuit Court of Appeals on November 21, 2001. (R-295).

At some time thereafter, Petitioner Green made application to the Eleventh Circuit Court of Appeals to file a second and successive § 2255 Motion.  The Court of Appeals denied Petitioner's application on May 2, 2005. (R-347).  Despite the decision of the Appellate Court denying Green's application to file a second or successive § 2255 Motion, he, nonetheless, filed his present APPLICATION FOR VACATING OR CORRECTING UNAUTHORIZED ILLEGALLY IMPOSED SENTENCE AND/OR CONVICTION PURSUANT TO THE AMENDED § 2255'S SAVING CLAUSE on January 30, 2006. (R-376).

## Conclusion of Law

"The AEDPA provides that , to file a second or successive § 2255 motion (under the so called saving clause of § 2255 or otherwise), the movant must first file an application with the appropriate Court of Appeals for an order authorizing the district court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A).  Without authorization, the district court lacks jurisdiction to consider a second or successive petition. *See Hill v. Hopper,* 112 F.3d 1088, 1089 (11th 1997)." *Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003).

This court is without jurisdiction to consider Petitioner Green's second or successive petition. Petitioner Green has failed to convince the Eleventh Circuit Court of Appeals that there is **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or **(2)** a new rule of constitutional law, **made retroactive to cases on collateral review by the Supreme Court**, that was previously unavailable, as required for authorization to file a second or successive § 2255 Motion in this court. (emphasis added. Until his does so, this court lacks jurisdiction to consider any such petition. 28 U.S.C. § 2255 ¶ 8.

WHEREFORE, IT IS RECOMMENDED that Petitioner Green's APPLICATION FOR VACATING OR CORRECTING UNAUTHORIZED ILLEGALLY IMPOSED SENTENCE AND/OR CONVICTION PURSUANT TO THE AMENDED § 2255'S SAVING CLAUSE be DISMISSED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may file and serve written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 29th day of March 2006.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

---