# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | | |
|---|---|---|
| **HOMER GREEN,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | **Case No.: 5:06-cv-45 (CAR)** |
| **v.** | : | **28 U.S.C. § 2255** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **Criminal Case No.: 5:97-cr-74 (DF/CAR)** |
| | : | |
| **Respondent.** | : | |

_____

## *ORDER ON THE UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION*

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 380] that Petitioner Green's petition seeking federal habeas corpus relief [Doc. 376] be dismissed. Petitioner filed an Objection to the Recommendation [Doc. 381].

The United States Magistrate Judge recommended dismissing Petitioner's current habeas corpus petition because it is a second or successive petition, for which Petitioner failed to obtain permission to file. Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a petitioner seeking to file a second or successive § 2255 motion must "first file an application with the appropriate court of appeals for an order authorizing the district court to consider it." 28 U.S.C. § 2244(b)(3)(A). Prior to filing the present petition, Petitioner Green made an application to the Eleventh Circuit Court of Appeals to file a second and successive § 2255 motion, which the Court of Appeals denied. Because the Court of Appeals denied Petitioner Green's application, the Magistrate Judge concluded that this Court lacked jurisdiction to entertain Petitioner Green's current petition.

1

In his Objection to the Report and Recommendation, Petitioner argues that his petition should be re-characterized as a § 2241 petition. Typically, collateral attacks on the validity of a federal conviction or sentence must be brought pursuant to 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in limited circumstances, a federal prisoner may attack the validity of his conviction by filing a habeas petition pursuant to 28 U.S.C. § 2241. See 28 U.S.C. §§ 2241(a), 2255; Dukes v. United States, 189 Fed. Appx. 850, 851 (11th Cir. 2006). Specifically, habeas corpus relief under § 2241 is available where the petitioner demonstrates that the remedy provided for under § 2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255; Sawyer, 326 F.3d at 1365.

The Eleventh Circuit has held that the denial of an application to file a second or successive § 2255 petition, standing alone, does not render that section "inadequate or ineffective." Wofford v. Scott, 177 F.3d 1236, 1244-45 (11th Cir. 1999). Consequently, a petitioner who has filed a previous § 2255 motion which the court has denied may not circumvent the AEDPA's successive-motion rule simply by filing a petition under § 2241. Thus, under Wofford, to obtain relief under § 2241, the petitioner must demonstrate: (1) that his claim is based on a retroactively applicable Supreme Court decision; (2) that the holding of that decision established that the petitioner was convicted of a "nonexistent offense;" and (3) that "circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, appeal, or first § 2255 motion." Id.

Petitioner fails to satisfy this three-part test. Specifically, Petitioner fails to demonstrate that his claim is based on a retroactively applicable Supreme Court decision, the holding of which would render the offense of which he was convicted a "non-existent offense."

Accordingly, having considered Petitioner's arguments, the applicable law, the United States Magistrate Judge's Report and Recommendation, and Petitioner's Reply thereto, the Court agrees with the Recommendation. The Recommendation that Petitioner's petition for writ of habeas corpus be denied is hereby **ADOPTED** and **MADE THE ORDER OF THE COURT**.

    **SO ORDERED**, this 9th day of April, 2007.


                                        S/ C. Ashley Royal
                                        C. ASHLEY ROYAL
                                        UNITED STATES DISTRICT JUDGE
                                        MIDDLE DISTRICT OF GEORGIA
AEG/ssh